# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1938

_____

United States of America

*Plaintiff - Appellee*

v.

Derick Colin Wilkinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 15, 2018
Filed: June 12, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[1]

_____

PER CURIAM.

Derick Colin Wilkinson appeals his conviction after a jury found him guilty of assault resulting in serious bodily injury and assault with a dangerous weapon. *See*

_____

[1]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. R. 47E.

18 U.S.C. §§ 113(a)(6) & 1153; *id.* §§ 113(a)(3) & 1153. Wilkinson argues that the district court[2] abused its discretion by refusing to admit evidence of his victim's prior bad acts and in denying his related motion for a new trial. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On the night of April 25, 2016, Wilkinson and his girlfriend, Miranda Fox, were at a local bar when they encountered Michael White Thunder, an acquaintance of Wilkinson. White Thunder was emotional and confided in Wilkinson about some relationship problems. The three then proceeded to another bar, the Legion, to have a few more drinks. The manager of the Legion observed that they were all "very drunk," and she overheard White Thunder make a sexual comment about Fox. After noticing that White Thunder was so intoxicated that he was passing out, the manager asked the group to leave. Shortly after midnight, the Legion's security camera system captured them departing.

Wilkinson and Fox decided to drive White Thunder home because he was so intoxicated. After helping him into the backseat of Fox's vehicle, Wilkinson entered the front passenger seat. As Fox began to drive away, White Thunder made another lewd comment about her. He then "freaked out," swinging his arms wildly and punching the back of Fox's seat. Fox and Wilkinson both told him to stop, and Fox yelled out that White Thunder had hit her. Wilkinson then reached back toward White Thunder and punched him in the face five or six times. Olivia Baker, a bystander, observed Wilkinson drag an apparently unconscious White Thunder out of the vehicle and stomp on his head three to four times. Baker next saw Wilkinson pull White Thunder's body further across the road and jump with both feet, again landing on White Thunder's head. After striking this final blow, Wilkinson returned

---

[2]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

to the vehicle and drove away, leaving White Thunder unconscious on the ground with multiple facial fractures.

Wilkinson was charged with assault resulting in serious bodily injury and assault with a dangerous weapon. Before trial, Wilkinson notified the Government of his intention to introduce: (1) testimony from Betty Mulluck-Heart, a relative and prior assault victim of White Thunder, as to her opinion on White Thunder's propensity for violence ("the Mulluk-Heart evidence"); (2) testimony from Skyler Moran, White Thunder's ex-girlfriend, as to a specific incident of domestic violence and White Thunder's record of conviction from this assault ("the Moran evidence"). Wilkinson argued that this evidence was admissible to show his state of mind when White Thunder became belligerent in the back of Fox's vehicle. Specifically, Wilkinson planned to argue that he was justified in assaulting White Thunder under a defense-of-another theory.

At trial, the district court excluded the Moran evidence under Federal Rules of Evidence 403 and 609. Although the court was willing to allow Moran to testify about White Thunder's reputation for violence toward women and to allow Wilkinson to testify about his own knowledge of the Moran assault, Wilkinson's attorney decided not to have either witness testify. He did, however, call on Mulluk-Heart to testify as to White Thunder's reputation for violence toward women. The jury ultimately convicted Wilkinson of both charges, and he moved for a new trial, arguing that the district court erred in excluding the Moran evidence. The district court denied the motion and sentenced Wilkinson to 55 months' imprisonment. This appeal followed.

Wilkinson argues that the district court improperly excluded the Moran evidence, an issue that we review for abuse of discretion. *See United States v. Jackson*, 852 F.3d 764, 774 (8th Cir. 2017). "The general rule is that prior acts testimony is not admissible to prove a victim acted in conformity with his

character . . . ." *United States v. Bordeaux*, 570 F.3d 1041, 1049 (8th Cir. 2009) (internal quotations marks omitted). "However, evidence of prior bad acts of the victim are admissible under Rule 404(b) to establish the defendant's state of mind and the reasonableness of the defendant's use of force." *Id.* A district court may nonetheless exclude evidence under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The district court excluded the Moran evidence after finding that it would likely result in a mini-trial, was factually dissimilar from the instant events, and had limited probative value. These determinations were not an abuse of the district court's broad discretion over evidentiary rulings. *See United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992). Moreover, the court allowed Wilkinson to testify about his knowledge of the Moran assault and permitted Mulluk-Heart, Moran, and Wilkinson to testify about White Thunder's reputation for violence toward women. Had Wilkinson's attorney presented all of this evidence, Moran's bad-acts testimony also would have been cumulative of Wilkinson's more relevant testimony as to what he actually knew about her assault.

Even if Wilkinson were correct that the district court improperly excluded the Moran evidence, however, any such error was harmless. *See United States v. Cotton*, 823 F.3d 430, 435 (8th Cir. 2016) ("An evidentiary error is harmless if it did not substantially influence the jury's verdict."). The district court's instructions to the jury made clear that Wilkinson was justified in "using force likely to cause death or great bodily harm (deadly force) . . . only if [he] reasonably believe[d] that such force [wa]s necessary to protect himself or another from . . . a substantial risk of death or great bodily harm." Yet, even if Wilkinson was justified in punching White Thunder inside the vehicle to defend Fox, undisputed evidence shows that he went on to repeatedly kick and stomp on White Thunder outside the vehicle after he lost

-4-

consciousness and posed no threat to Fox. These later blows were not delivered in defense of Fox, thereby defeating Wilkinson's defense-of-another theory. *See United States v. Barrera*, 628 F.3d 1004, 1009 (8th Cir. 2011) (explaining that a defendant's self-defense theory necessarily failed when he proceeded to kick an armed assailant "as if he was kicking a 45-yard field goal" after the would-be assailant had already been subdued). Therefore, we conclude that any error in the district court's exclusion of the Moran evidence was harmless and that the district court did not abuse its discretion in denying Wikinson's motion for a new trial on that basis.

Accordingly, we affirm Wilkinson's conviction.

_____